**UNITED STATES of America,**
**Appellee,**

v.

**Abedin BICAJ, Defendant–Appellant.**

No. 03–1346.

United States Court of Appeals,
Second Circuit.

Jan. 20, 2004.

Perry S. Reich, Schapiro & Reich, Lindenhurst, NY., for Appellant.

David Raskin, Assistant United States Attorney for the Southern District of New York, for Appellee.

Present: WINTER, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant–Appellant Abedin Bicaj ("Bicaj") appeals from a conviction in the United States District Court for the Southern

District of New York, following a jury trial, for mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 371, respectively. On appeal, Bicaj contends that his joint prosecution with Fatmir Ahmeti ("Ahmeti") (on essentially identical charges) denied him a fair trial. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues.

Any error committed by the district court in denying Bicaj severance would have been harmless. "[A]n error involving misjoinder 'affects substantial rights' and requires reversal only if the misjoinder results in actual prejudice because it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *United States v. Lane,* 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986) (quoting *Kotteakos v. United States,* 328 U.S. 750, 775–76, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Substantial or injurious influence is unlikely where (as here) the jury received limiting instructions and much of the evidence presented at the joint prosecution would likely be admissible at separate trials. *See id.* at 450; *see also United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir.1990). Pursuant to Federal Rule of Evidence 404(b), "evidence of other crimes, wrongs, or acts may be admitted for purposes other than showing a propensity to act in a certain manner, such as 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Roldan–Zapata,* 916 F.2d at 804 (quoting Fed. R.Evid. 404(b)). This Circuit takes an "inclusionary" approach to the rule, under which "evidence 'is admissible for any purpose other than to show a defendant's criminal propensity.'" *Id.* (quoting *United States v. Harris,* 733 F.2d 994, 1006 (2d Cir.1984)).

Furthermore, any prejudicial error was quite limited as the government presented separate and distinct evidence against each defendant. Bicaj's attempt to explain the evidence against him was not found credible by either the judge or the jury. Given the evidence against him, it is clear that if there was any prejudicial error, it did not have a substantial and injurious effect on the jury's verdict.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**